## COUNTY OF CUMBERLAND.

### HEARN & al. *versus* WATERHOUSE.

*A verbal* representation or assurance concerning the character, credit, ability, trade or dealings of another, will not subject the party making it to an action for damages suffered thereby. The statute of this State has in this respect changed the common law.

THIS was an action on the CASE for false and fraudulent representations alleged to have been made to the plaintiffs by defendant, by reason of which they gave credit to one Heycock on April 25, 1853.

The cause was tried before SHEPLEY, C. J., and a verdict rendered for defendant, and exceptions taken to the rulings and instructions of the Judge.

The parties resided in Portland, and one Heycock living

in the eastern part of the State, an acquaintance of the defendant, wished to buy goods.

Heycock testified that "in April, 1853, defendant introduced me to plaintiffs, and told them 'he had sold me $600 or $700 worth on six months, and if they would let me have a bill of goods on four months, he would take them with his and get them insured.' He said he considered me perfectly safe; 'you will have my goods to make your money out of, as yours will become due before mine.'" Heycock thereupon selected about $200 worth of plaintiffs.

It also appeared by same witness that defendant went to Heycock's place of business the last of July of the same year, and attached his property on the debt contracted in April, and for $600 which he owed him for goods bought the fall previous, and for which he gave his notes on 60 and 90 days when he was there in April.

At that time, defendant said he was holden for plaintiffs' bill and had paid a part of it.

The goods were all given up to him, including the property bought of plaintiffs, excepting $30 worth which had been sold, and he made sale of them to one Freeman, and his demands were thereby settled.

There was evidence in the case as to the dealings between the parties to this suit after the failure of Heycock, tending to show that no claim was made upon the defendant as to this debt; and much other evidence not necessary to be stated.

The instructions of the presiding Judge are omitted, as the cause was decided upon a point not raised at the trial.

*Sweat*, for defendants.

*O'Donnell*, for plaintiffs.

APPLETON, J. — This is an action on the case for false and fraudulent representations made by the defendant to the plaintiffs respecting the solvency of one John C. Heycock, in consequence of which they were induced to give credit to him, and thereby sustained a loss to the amount of such credit.

The law upon this subject has been materially changed by R. S., c. 136, § 3, which enacts, that *" no action shall be brought and maintained* to charge any person upon or by reason of *any* representation or assurance made concerning the character, conduct, *credit, ability,* trade or dealings of any other person, unless such representation or assurance shall be made in writing and signed by the party to be charged thereby,. or by some person thereunto by him lawfully authorized." The design of this section is sufficiently apparent. It was to withhold legal protection from all, who are so heedless or inconsiderate as to rely upon verbal statements or representations. It is not for us to determine whether this provision is wise or not. It is sufficient that it is so written.

There is no pretence of any written representations having been made in this case. The plaintiffs' own evidence negatives the existence of any such proof. By their own showing they are not entitled to recover. It becomes therefore, unnecessary to examine the various authorities which have been cited to sustain the exceptions which have been taken.

*Exceptions overruled.*

*Judgment on the verdict.*